3

STEVEN S. ALTMAN (State Bar No. 63824)
Law Office of Steven Altman, PC
Attorney at Law
1127-12th Street, Suite 203
Modesto, California 95354
Phone:(209) 521-7255
Fax: (209) 577-8390
email: altman@altmanattorney.com

Attorney for Debtor and Debtor
in Possession Leon H. Bartlett, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
(Modesto Division)

| | |
|---|---|
| In re: <br><br> Leon H. Bartlett, Inc. <br><br> Debtor. | Case No: 09-92998-11 <br><br> DCNO: SSA-14 <br><br> Date: May 5, 2010 <br> Time: 11:00 a.m. <br> Place: 1200 I ST. 2ND Floor <br> Modesto, CA <br> Judge: Ronald H. Sargis, Dept. E. |

**MOTION FOR SALE OF PERSONAL PROPERTY OF BANKRUPTCY ESTATE**
[11 U.S.C. § 363(B)(1)]

------------------------------------------------

TO: THE HONORABLE RONALD H. SARGIS, U.S. BANKRUPTCY JUDGE PRESIDING:

1. Leon H. Bartlett, Inc. the Debtor and Debtor-in-Possession (herein sometimes referenced as "LHB,Inc.") files this motion (the "Motion") for an order approving sale of personal property. The subject motion is made pursuant to LBR 9014-1(f)(2) and Bankruptcy Code Section 363(B)(1).

2. The LBH, Inc. commenced the subject case on September 17, 2009.

3. Among the unencumbered assists LBH, Inc. owns in this estate are the following:

/// ///

/// ///

FILED
April 05, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002535472

| ITEM | YEAR | VIN NUMBER |
|---|---|---|
| PETERBILT TANK TRUCK WITH CLOUGH TRUCK TANK | 1999 | 1XPFGDU9X3XD464251 |
| CLOUGH 2 AXLE TANK TRAILER | 1979 | C1423 |

4. Debtor has received an offer of sale for the above units from prospective buyer Steve Opperman, Opperman & Son, Inc. Trucks Sale and Service whose address is 280 Kiney Drive, Healdsburg, California 95448. The terms of the sale offer as follows:

| ITEM | YEAR | VIN NUMBER |
|---|---|---|
| PETERBILT TANK TRUCK WITH CLOUGH TRUCK TANK | 1999 | 1XPFGDU9X3XD464251 |
| CLOUGH 2 AXLE TANK TRAILER | 1979 | C1423 |
| TOTAL: | | $21,500.00 |

5. The Debtor believes the proposed sale price for the items referenced above is fair and reasonable and is in the best interest of the bankruptcy estate.

6. The Debtor requests court approval of the sale pursuant to 11 U.S.C. § 363(b)(1) of the Bankruptcy Code, absent higher overbids.

7. Should there be parties other than the prospective buyer Steve Opperman who contemplate purchase of the any of the above items, Debtor requests that the Court set overbid of any item in the amount of $500 per unit or $1,000 overbid for all items collectively.

8. If the sale is approved, Debtor will be receiving the funds in cash. The proposed sale is "**as is**" and "**without warranty**".

9. Debtor further requests the court find that the sale is made in good faith pursuant to

MOTION FOR COURT APPROVAL
OF SALE OF PERSONAL PROPERTY-#2_Opperman                          LBH, INC. SSA.032710.ssa

2

11 U.S.C. § 363 (m) and the ten day (10) period prescribed under BR 6004(h) be waived in that the funds, subject to court approval, could be used in the operations of Debtor to pay ongoing expenses, or in the alternative segregated subject to disbursement by further order of this Court.[1]

**WHEREFORE,** the Debtor prays as follows:

1. That this Court approve the foregoing sale motion;

2. That this Court entertain any overbids as requested in the Motion that may arise during the sale held in open Court;

3. That the Court find the sale is in good faith as set forth in 11 U.S.C. § 363(m);

4. That the ten (10) period prescribed under BR 6004(h) as set forth above;

5. That his Court decide to either require the funds to be segregated as set forth under LBR 5008-1(b) or allow Debtor unrestricted use of the funds for its operations.

6. For such other and further relief as the court deems just.

Dated: April 1, 2010          LAW OFFICE OF STEVEN ALTMAN, PC

By:_____
STEVEN S. ALTMAN
Attorney for Debtor and Debtor-in-Possession
Leon H. Bartlett, Inc.

---

[1] Debtor has sold previous excess equipment by motion in December 2009 in which this Court has ordered the funds to be put into a segregated account not to be withdrawn or disbursed except upon further order of the Bankruptcy Court in accordance with LBR 5008-1(b). [See Docket No. 214].